755 So.2d 368 (2000)
STATE of Louisiana, Appellee,
v.
Rodrick Tramaine LANE, Appellant.
No. 33,059-KA.
Court of Appeal of Louisiana, Second Circuit.
March 3, 2000.
*369 Amy C. Ellender, Louisiana Appellate Project, Counsel for Appellant.
Richard Ieyoub, Attorney General, Don Burkett, District Attorney, H. Melissa Sugar, Asst. Dist. Atty., Counsel for Appellee.
Before NORRIS, C.J., and GASKINS and CARAWAY, JJ.
CARAWAY, J.
A jury convicted the defendant, Rodrick T. Lane, of possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. The trial court then sentenced Lane to ten years imprisonment at hard labor without benefit of probation, parole or suspension of sentence and fined him $1,000. On appeal, Lane urges that the evidence was insufficient to convict him, that the trial court failed to adequately articulate reasons for the sentence and that the trial court imposed an excessive sentence. Finding no merit in these assignments of error, we affirm defendant's conviction and sentence.

Facts
On December 30, 1998, members of the DeSoto Parish Sheriffs Office executed a search warrant in apartment # 14 of the Seasons Apartments in Logansport, Louisiana. The search warrant had been obtained due to information that the occupants of the apartment, Vicky Burrows and Lane, used and sold crack cocaine.
Sergeant Horace Womack and Agent Alan Costello were involved in executing the search warrant. The apartment search did not yield any cocaine but a .25 Raven semi-automatic gun was discovered by Womack hidden in some clothing in a child's backpack. The backpack was hanging in a closet located in the left rear bedroom of the apartment. The closet also contained men's and women's clothing.
After discovering the gun in the backpack, Womack spoke with Lane. Lane indicated the apartment was leased by his girlfriend, Burrows; however, he admittedly stayed there. Lane informed Womack that the gun did not belong to Burrows. According to Lane, the gun actually belonged to an acquaintance of his named Ray from Joaquin, Texas and Lane was holding it for Ray. Lane further stated that he had placed the gun into the backpack. Lane admitted to Womack that he had previously been on probation because he had pled guilty to simple possession of cocaine.
Lieutenant Robert Davidson spoke with Lane at the DeSoto Parish jail. Davidson advised Lane of his Miranda rights and the defendant repeated his story that he was holding the gun for someone who lived in Joaquin, Texas but claimed he could not remember Ray's last name.
At trial, Davidson, Womack and Costello offered testimony concerning the search warrant, the discovery of the gun and Lane's statements. Robert Allred, a retired probation officer who supervised the defendant on probation for a 1994 conviction for possession of cocaine, testified that Lane was notified by the probation office that he could not possess a gun. The state further submitted into evidence a certified copy of the Conditions of Probation which had been signed by Lane and which stated as one of the conditions that defendant was to "[r]efrain from owning or possessing firearms or other dangerous weapons."
Catherine Howell, the manager of Season's Apartments, testified that each time she went to Burrows' apartment, Lane was present. She stated she had seen the defendant on a daily basis in or around the apartment. Moreover, Howell testified that Lane had completed his portion of an application to become a co-tenant on the lease with Burrows. The application was never processed because Burrows did not complete her portion prior to the search revealing the weapon. Several days after the search occurred, Burrows and Lane *370 told Howell not to add the defendant to the lease.
At trial, Lane testified that he was not living with Burrows when the police discovered the gun but stated that he instead lived with his grandfather. The defendant denied making any statements to the police about the gun and declared that he did not know the weapon was in the apartment. Lane further contended that he did not know he was prohibited from possessing a gun.
Terrell Norris, a friend of Lane's, testified on his behalf. Norris said that he and the defendant were the only people present in the apartment when the police showed up with the search warrant. Norris indicated that he did not know anything about the gun. However, he did observe that Lane appeared surprised when the police informed him that a gun was discovered.
Eddie Wilson, another friend of the defendant's and a resident of the Seasons Apartments, testified that Lane was staying with him on December 30, 1998. Wilson also indicated that Lane sometimes stayed with the defendant's grandfather as well as staying at Burrows' apartment. Additionally, Wilson stated that a lot of people were in and out of Burrows' apartment.
Based on all the evidence, the jury returned a verdict of guilty. The jury foreman indicated that 10 jurors voted guilty while 2 voted not guilty. However, when the jury was polled, the verdict of guilty appeared to be unanimous.
At the sentencing hearing on May 25, 1999, Lane was sentenced to ten years at hard labor without benefit of probation, parole or suspension of sentence and was given credit for time served. A fine of $1,000 was imposed but no default time was sentenced in connection to nonpayment.

Sufficiency of Evidence
The relevant statute provides, in pertinent part, as follows:
"La. R.S. 14:95.1. Possession of firearm or carrying concealed weapon by a person convicted of certain felonies
A. It is unlawful for any person who has been convicted of ... any violation of the Uniform Controlled Dangerous Substances Law which is a felony, ... to possess a firearm or carry a concealed weapon.
B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
(1) The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence."
Lane contends that the evidence presented by the state was insufficient for the jury to convict him of the charged offense because the state failed to prove he possessed the gun. The defendant concedes in his brief that two elements of the charged offense of possession of a fire-armthe previous conviction of an enumerated felony and the absence of the 10-year periodwere satisfied. We therefore pretermit a discussion of those issues.
The standard for evaluating sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that the state proved all elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Washington, 597 So.2d *371 1084 (La.App. 2d Cir.1992). For circumstantial evidence to sustain a conviction, upon assuming every fact to be proved that the evidence tends to prove, the evidence must exclude every reasonable hypothesis of innocence. State v. Cotton, 25,940 (La.App.2d Cir.3/30/94), 634 So.2d 937. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Id. Of course, it is always the function of the trier of fact to assess credibility and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (La.1993). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (1987). In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Ford, 28,724 (La.App.2d Cir.10/30/96), 682 So.2d 847, writ denied, 99-0210 (La.5/14/99), 745 So.2d 12; State v. Brown, 29,708 (La. App.2d Cir.9/24/97), 702 So.2d 744, writ denied, 97-2549 (La.1/30/98), 709 So.2d 703. Where a trier of fact has made a rational determination, an appellate court should not disturb it. State v. Thomas, supra.; State v. Combs, 600 So.2d 751 (La.App. 2d Cir.1992), writ denied, 604 So.2d 973 (La.1992).
The state must establish the possession element of the offense by proving actual or constructive possession of the weapon. State v. Day, 410 So.2d 741 (La. 1982). Constructive possession occurs when a firearm is subject to the defendant's dominion and control. Constructive possession occurs even when the defendant's dominion and control are only temporary in nature and even if control is shared. State v. Wesley, 28,941 (La. App.2d Cir.12/13/96), 685 So.2d 1169, writ denied, 97-0279 (La.10/10/97), 703 So.2d 603, citing, State v. Washington, 605 So.2d 720 (La.App. 2d Cir.1992), writ denied, 610 So.2d 817 (La.1993). Constructive possession contains an element of awareness or knowledge that the firearm is there and a general intent to possess it. State v. Evans, 29,675 (La.App.2d Cir.9/24/97), 700 So.2d 1039, writ denied, 97-2942 (La.1/9/98), 705 So.2d 1121. When the perpetrator has not carried the firearm on his person, the state must show that the defendant's intent amounted to an intent to possess rather than a mere acquiescence to the fact that there was a firearm in his presence. State v. Neeley, 30,008 (La.App.2d Cir.12/23/97), 704 So.2d 443.
The primary purpose of the rule requiring corroboration of confessions is to test the reliability of a confession and thereby prevent an erroneous conviction based solely on an untrue confession. State v. Martin, 93-0285 (La.10/17/94), 645 So.2d 190.
Howell, the apartment manager, testified that Lane lived in the apartment with Burrows. She frequently saw him in the apartment and he was in or near the apartment on a daily basis. Additionally, Lane had completed his portion of the lease application to become a co-tenant on the apartment lease.
After the search of the apartment revealed the gun, Womack testified that Lane told him that he stayed at Burrows' apartment and that he was holding the gun for someone. Lane further indicated to Womack that he was the person who had placed the gun into the backpack. At the police station, Lane told Davidson essentially the same story, that it was not his gun but that he was holding the weapon for an acquaintance.
The jury was presented with conflicting testimony concerning Lane's actual domicile or his place of residence. Nevertheless, Lane's continual access to the apartment and his ongoing presence with his girlfriend in the apartment were not disputed. *372 It was within the jury's prerogative to resolve any conflict in this evidence in favor of the state. Moreover, the issue of where Lane resided is different from the vital issue concerning Lane's direct and immediate dominion and control over the backpack in which the gun was found. The state's evidence as to the gun's location in the backpack was that Lane admitted to having placed the gun in the backpack. Other than Lane's testimony denying his admissions, no other defense witness disputed the state's showing of Lane's ability to exert dominion and control over the backpack and gun at the time of his arrest. His undisputed presence in the apartment on an ongoing basis independently corroborates his confession by demonstrating his significant access to the premises.
The instant guilty verdict indicates the jury believed the prosecution's witnesses and resolved these conflicts in favor of the state. Based on the evidence and testimony presented during the trial, we find that the jury could find that the state proved the defendant's possession of the gun beyond a reasonable doubt.

Sentence
Lane contends that the trial court erred in failing to adequately state the reasons for its sentence and imposed a constitutionally excessive sentence. We disagree.
The inquiry for a claim of excessive sentence is whether the sentence imposed is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Wilkerson, 29,979 (La.App.2d Cir.10/29/97), 702 So.2d 64. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Smith, 433 So.2d 688 (La.1983); State v. Wilkerson, supra.
In the present case, Lane was convicted of possession of a firearm by a convicted felon. The sentencing range for violation of this statute is imprisonment at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and a fine of not less than $1,000 nor more than $5,000. La. R.S. 14:95.1. Therefore, once Lane was convicted, the trial court was mandated to impose a sentence of at least ten years without benefit of probation, parole or suspension of sentence and a fine of at least $1,000. This was the sentence he received.
Although, in State v. Dorthey, supra, the Louisiana Supreme Court has stated that courts have the power to declare a mandatory minimum sentence excessive under Article I, Section 20 of the Louisiana Constitution, this power should only be exercised in rare cases and only when the court is firmly convinced that the minimum sentence is excessive. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672.
In this case, the pre-sentence investigation report ordered and reviewed by the trial court showed that Lane had no known juvenile record and his adult record consisted of the instant offense and a 1994 conviction for possession of cocaine which was plea bargained down from an original charge of distribution of cocaine. We find nothing to indicate that this is a rare case in which the minimum mandatory sentence would be considered excessive. Considering the circumstances of this case, we find Lane's sentence is not a purposeless and needless infliction of pain and suffering and does not shock our sense of justice. This assignment lacks merit.

Error Patent
The trial judge informed Lane that "you have three years to apply for post conviction relief." This advice of the prescriptive *373 period is incomplete. Additionally, at the time of sentencing, the three-year time period was correct but the statute providing for the three-year time period has since been amended.
La.C.Cr.P. art. 930.8 was amended on July 12, 1999 with an effective date of August 15, 1999. See Article 3, Section 19 of the Constitution of 1974 as amended. The amended version of La.C.Cr.P. art. 930.8 provides in pertinent part as follows:
"Art. 930.8. Time limitations; exceptions; prejudicial delay
A. No application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final."
We hereby direct the trial court, within 10 days from the rendition of this opinion, to provide Lane with accurate notice of La.C.Cr.P. art. 930.8 as amended and to file proof of receipt of the notice into the record.

Conclusion
For the foregoing reasons, Lane's conviction and sentence are affirmed.
AFFIRMED.