784 So.2d 734 (2001)
STATE of Louisiana, Appellee,
v.
Alonzo BRAZIL, Appellant.
No. 34,341-KA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 2001.
*736 Cynthia R. King, Shreveport, Counsel for Appellant.
Richard P. Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Tommy J. Johnson, William J. Edwards, Assistant District Attorneys, Counsel for Appellee.
Before WILLIAMS, CARAWAY and DREW, JJ.
WILLIAMS, Judge.
The defendant, Alonzo Brazil, was charged by bill of information with illegal use of a weapon during a crime of violence, a violation of LSA R.S. 14:94(F). After a jury trial, the defendant was found guilty as charged and sentenced to serve ten years at hard labor without benefit of parole, probation or suspension of sentence. For the following reasons, we affirm.

FACTS
The defendant, Alonzo Brazil, was charged with illegal use of a weapon after firing a shotgun into a crowd assembled at a local park. The incident occurred on May 10, 1998, at Bilberry Park in Shreveport, Louisiana. There were approximately thirty people in the park at the time of the incident. At trial, it was established that Gordon Williams and Charles Dotson were in the park playing basketball, Eric Frazier and Jazvon Johnson were sitting on the bleachers located near the southwest corner of the baseball field next to Alabama Avenue and Latrisha Law, Tosha Jones and Jones' infant son were sitting nearby.
Williams, Frazier and Law testified at trial that they noticed a white car circle the park several times. According to Frazier, Johnson stated that he thought "the car was going to shoot at us." Law testified that she overheard Johnson tell his companions that if the car drove by once more, Johnson would shoot at the car. Shortly thereafter, the white car passed, and according to Law, Johnson fired at the vehicle.
Law and Frazier testified that they witnessed the driver of the white car park the vehicle on Alabama Avenue, leave the vehicle and fire a shotgun at Johnson as he fled. Williams testified that the gunman pointed the gun towards the basketball court where he and approximately twenty other people were located and fired three or four shots. Both Frazier and Law identified the defendant as the person who had fired at Johnson.
The defendant was interviewed by Shreveport Police Detective Ronny Gryder after he was arrested. The defendant stated that he was driving his white Toyota Tercel on Alabama Avenue near Bilberry Park when he saw Johnson firing a gun at his vehicle. The defendant stated that he drove to the end of Alabama Avenue where he encountered several men, some of whom were armed with guns. The defendant never indicated that these men threatened him or hindered his progress in any way. According to the defendant, he turned his car around and drove back to *737 the park. He admitted that he exited the car armed with a sawed-off shotgun. The defendant stated that Johnson was running across the park attempting to flee when he fired approximately three rounds at Johnson.
Contrary to statements made after his arrest, the defendant testified during trial that two armed men approached him in an intimidating manner and he turned his car around and drove back toward the park where he encountered Johnson, who was aiming a gun at him. The defendant testified that he did not have anywhere to go, and, therefore, he "let off a few rounds" to scare Johnson, so that he could escape.
The defendant was charged with illegal use of a weapon by intentionally discharging a firearm where it was foreseeable that it may result in death or great bodily harm to a human during a crime of violence. After a jury trial, the defendant was found guilty as charged and sentenced to serve ten years at hard labor, without benefit of parole, probation or suspension of sentence. The defendant's motions for new trial, post-verdict judgment of acquittal and reconsideration of sentence were denied. The defendant appeals.

DISCUSSION

Assignment of Error No. 1
By this assignment of error, the defendant contends the jury erred in determining that it was foreseeable that the intentional discharge of the firearm would cause great bodily harm to a human being.
When issues are raised on appeal, both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accord with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. State v. Hearold, 603 So.2d 731 (La.1992). Under Jackson v. Virginia, supra, the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (La.1992).
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5 § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir.5/8/96), 674 So.2d 1018, writ denied, 96-1459 (La.11/15/96), 682 So.2d 760, writ denied, 98-0282 (La.6/26/98), 719 So.2d 1048.
LSA R.S. 14:94 provides in pertinent part:

*738 (A) Illegal use of weapons or dangerous instrumentalities is the intentional or criminally negligent discharging of any firearm, ... where it is foreseeable that it may result in death or great bodily harm to a human being.
(F) Whoever commits the crime of illegal use of weapons or dangerous instrumentalities by discharging a firearm while committing, attempting to commit, conspiring to commit, or soliciting, coercing, or intimidating another person to commit a crime of violence ... shall be imprisoned at hard labor for not less than ten years nor more than twenty years, without benefit of parole, probation, or suspension of sentence.
Aggravated assault is an assault committed with a dangerous weapon, and an assault is defined as either an attempt to commit a battery or the intentional placing of another in reasonable apprehension of receiving a battery. LSA-R.S. 14:36 and 37; State v. Lee, 32,272 (La.App.2d Cir.8/18/99), 742 So.2d 651. Thus, the state, by alleging that an aggravated assault was the crime of violence in this instance, was required to prove that either the defendant attempted to commit a battery on Johnson or that Johnson was placed in reasonable apprehension of being harmed while the defendant was using a dangerous weapon. State v. Lee, supra.
In addressing the defendant's argument, we must evaluate: (1) whether the evidence was sufficient to prove that the defendant committed the crime of illegal use of a weapon under LSA-R.S. 14:94(A) and (2) whether that crime occurred during an aggravated assault on Johnson.
The record is replete with evidence that the defendant discharged the firearm. The defendant admitted during his testimony that he exited his vehicle and fired several shots at Johnson as Johnson ran across the park. The evidence presented also supports the jury's conclusion that the defendant discharged the firearm intentionally, and that the defendant, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act, thus finding the requisite general criminal intent.
After reviewing the record in the present case, we conclude the evidence was sufficient to find that the defendant intentionally discharged the firearm where it was foreseeable that his conduct could have resulted in death or great bodily harm to a human being, as required under LSA-R.S. 14:94(A). The testimony of Frazier, Law and Williams supports the jury's conclusion that a person aimed a shotgun at Johnson and fired shots toward Johnson. Frazier and Law positively identified the defendant as that gunman. Williams, who was located near Johnson on the basketball court in Bilberry Park at the time of the crime, verified that beads from the shotgun fell around him, and Dotson described the injury to his arm that resulted from that gunfire. Frazier also stated that Johnson, and the other frantic park-goers, ran for cover when the defendant fired the shotgun in Johnson's direction. The defendant himself admitted at trial that he exited his car and fired several shots from the sawed-off shotgun at Johnson.
Further, after viewing the evidence in the light most favorable to the prosecution, we conclude that any rational factfinder could have concluded beyond a reasonable doubt that the defendant committed the offense of illegal use of a weapon, by discharging a firearm while committing an aggravated assault. The defendant's testimony that he fired the weapon at Johnson, and the witnesses' testimony that Johnson was running from the defendant, prove both the requisite general criminal intent and the victim's apprehension of receiving *739 a battery. This assignment of error is without merit.

Assignment of Error No. 2
By this assignment of error, the defendant contends his actions were reasonable and justified. According to the defendant, he feared for his life and felt that he could not have escaped the park unless he protected himself by returning gunfire.
LSA-R.S. 14:18 provides that the fact that an offender's conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct. The defense of justification can be claimed when any crime, except murder, is committed through the compulsion of threats by another of death or great bodily harm, and the offender reasonably believes the person making the threats is present and would immediately carry out the threats if the crime were not committed.
Since "justification" defenses are not based on the nonexistence of any essential element of the offense, but rather on circumstances which make the accused's conduct excusable on policy grounds, such defenses should be treated as affirmative defenses which the accused must establish by the preponderance of evidence. LSA-R.S. 14:18; State v. Miller, 98-1873 (La.App. 3rd Cir.10/13/99), 746 So.2d 118, writ denied, 99-3259 (La.5/5/00, 761 So.2d 541). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, supra.
The State's witnesses testified that when the defendant left his vehicle and fired several shots, Johnson was attempting to flee, and he was not aiming a weapon at the defendant as the defendant testified. Although the defendant claims that he could not escape and had no other choice except to return fire, there is no evidence in the record to support the defendant's claim. To the contrary, Frazier and Law testified that there was nothing obstructing the defendant's vehicle or preventing him from driving away from the scene. As illustrated by its verdict, the jury chose to believe the State's witnesses. Credibility determinations by the jury will not be disturbed on appeal. State v. Bosley, supra. Accordingly, there was no manifest error in the jury's decision to reject the defendant's justification defense. This assignment of error is without merit.

Assignment of Error No. 3
By this assignment of error, the defendant contends that due to mitigating circumstances, the trial court erred by not deviating from the statutory requirement of a minimum sentence. The defendant's list of mitigating factors include his age, lack of serious prior criminal record, his good work and family history, his financial obligation to his family, and his admission of blame and expression of remorse. The defendant points out the fact that the victim provoked the incident and the victim was not seriously injured. He also argues that the offense was not premeditated.
The inquiry for a claim of excessive sentence is whether the sentence imposed is too severe considering the circumstances of the case and the background of the defendant. La. Const. art. I, § 20 prohibits the imposition of excessive punishment. A sentence is "constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime." State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Lane, 33,059 (La.App.2d Cir.3/3/00), 755 So.2d 368; State v. Wilkerson, 29,979 (La.App.2d Cir.10/29/97), 702 So.2d 64. A sentence is considered grossly disproportionate if, *740 when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Smith, 433 So.2d 688 (La.1983); State v. Lane, supra; State v. Wilkerson, supra. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392; State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979.
Because the trial court has broad discretion in imposing a sentence within statutory limits, a reviewing court can only set it aside if it is clearly excessive, rather than because another sentence might also have been appropriate. State v. Trepagnier, 97-2427 (La.App. 4th Cir.9/15/99), 744 So.2d 181.
In the present case, the defendant was convicted of illegal use of a weapon while committing a crime of violence. The sentencing range for the commission of this offense is imprisonment at hard labor for not less than ten years nor more than twenty years without the benefit of parole, probation or suspension of sentence.
The trial court ordered and reviewed the defendant's pre-sentence investigation ("PSI") report. The PSI revealed that the defendant was reared in a single-parent household. The defendant dropped out of school in the tenth grade with a "C" average. The defendant never obtained a GED; however, he obtained certification for upholstery repair and auto mechanics. The defendant had no juvenile record and his adult record consisted of the instant offense and a 1998 conviction for illegally carrying a weapon. Defendant was sentenced to thirty days in jail and one year unsupervised probation for that offense. On September 17, 1997, the defendant was charged with felony hit and run which was pending at the time of sentencing for the instant conviction.
During sentencing the defendant, the trial court noted the seriousness of the offense and the "danger of injury" that the defendant's actions created for the innocent bystanders. Considering the circumstances of this case, we find the defendant's sentence is not a purposeless and needless infliction of pain and suffering and does not shock our sense of justice. Therefore, the sentence is not constitutionally excessive. This assignment of error lacks merit.

Assignment of Error No. 4
By his final assignment of error, the defendant requests that this court review the record for errors patent. This request is unnecessary since such a review is made automatically in all criminal cases. State v. Bryant, 29,344 (La.App.2d Cir.5/7/97), 694 So.2d 556; State v. Stamper, 615 So.2d 1359 (La.App. 2d Cir.1993). No errors patent were noted.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.