806 So.2d 964 (2002)
STATE of Louisiana, Appellee,
v.
Bradley Keith PHILLIPS, Appellant.
No. 35,554-KA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 2002.
Rehearing Denied February 21, 2002.
*965 Louisiana Appellate Project by Amy C. Ellender, Counsel for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, H. Stephens Winters, Assistant District Attorney, Counsel for Appellee.
*966 Before NORRIS, PEATROSS and KOSTELKA, JJ.
KOSTELKA, Judge.
After a jury convicted Bradley Keith Phillips ("Phillips") of aggravated flight from an officer and possession of a firearm by a convicted felon, he received concurrent sentences of two and ten years at hard labor, respectively.[1] La. R.S. 14:108.1(C); La. R.S. 14:95.1. Phillips was granted an out-of-time appeal and contests only the sufficiency of the evidence to convict him of the firearm charge.[2] Finding the evidence to adequately support the conviction, we affirm the conviction but remand for resentencing in light of State v. Williams, XXXX-XXXX (La.11/28/01), 800 So.2d 790.

FACTS
In the late evening hours of July 13, 1999, West Monroe Police Officers were dispatched to the Fast Lane Exxon station on Cypress Street in West Monroe, Louisiana after receiving a complaint of unauthorized use of a vehicle. An argument that evening between Phillips and his wife, Samantha, precipitated Samantha and her three children's eventual eviction from the vehicle in which they had been riding. When Samantha called her parents to pick her up, her mother called the police. Shortly after police arrived at the scene, Phillips drove into the station parking lot. To no avail, two of the officers attempted to flag Phillips down as he drove through the parking lot. Because the police officers had received information from both Samantha's father, Barry Whitehead, and Samantha that Phillips was driving the vehicle without permission, a pursuit of Phillips ensued. Police had also been told that Phillips was in possession of a .12 gauge shotgun ("gun"). During the pursuit, one officer observed the gun in the front seat of the vehicle. After Phillips was stopped, police secured the gun and arrested him.

DISCUSSION
La. R.S. 14:95.1 provides in pertinent part that it is unlawful for any person who has been convicted of a felony crime of violence, as defined in La. R.S. 14:2(13), or of simple burglary to possess a firearm within ten years of the completion of the sentence imposed. In order to convict a defendant of possession of a firearm by a convicted felon, the state is required to prove beyond a reasonable doubt (1) possession of a firearm; (2) conviction of any enumerated felony; (3) absence of the ten-year statutory period of limitation; and (4) general intent to commit the offense. La. R.S. 14:95.1; State v. Husband, 437 So.2d 269 (La.1983); State v. Woodruff, 34,454 (La.App. 2d Cir.02/28/01), 780 So.2d 598.
The standard for evaluating sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find that the state proved all elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Washington, 597 So.2d 1084 (La.App. 2d Cir.1992). For circumstantial evidence to sustain a conviction, upon assuming every fact to be proved *967 that the evidence tends to prove, the evidence must exclude every reasonable hypothesis of innocence. State v. Cotton, 25,940 (La.App. 2d Cir.03/30/94), 634 So.2d 937. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Id.
The state may establish the possession element of the offense by proving actual or constructive possession of the weapon. State v. Day, 410 So.2d 741 (La. 1982). Constructive possession occurs when a firearm is subject to the defendant's dominion and control even when the defendant's dominion and control are only temporary in nature and control is shared. State v. Wesley, 28,941 (La.App. 2d Cir.12/13/96), 685 So.2d 1169, writ denied, 97-0279 (La.10/10/97), 703 So.2d 603. Constructive possession contains an element of awareness or knowledge that the firearm is there and a general intent to possess it. State v. Evans, 29,675 (La. App. 2d Cir.09/24/97), 700 So.2d 1039, writ denied, 97-2942 (La.01/09/98), 705 So.2d 1121. When the perpetrator has not carried the firearm on his person, the state must show that the defendant intended to possess rather than a mere acquiescence to the fact that there was a firearm in his presence. State v. Neeley, 30,008 (La.App. 2d Cir.12/23/97), 704 So.2d 443.
On appeal, Phillips does not contest the state's proof of his previous conviction of an enumerated felony and the absence of the ten-year period.[3] Rather, he contends that the state failed to sufficiently prove he possessed the gun. Specifically, Phillips points to the fact that the evidence presented conflicting versions of the location of the gun in the vehicle, which he urges bears upon the sufficiency of proof regarding his intent and knowledge of the gun's presence in the car and his dominion and control over it. Phillips also contends the evidence failed to prove that he intended to possess the firearm because Samantha testified that she borrowed the gun from her brother and intended to return it to him on the day of the incident.
The testimony regarding the location of the gun included Samantha's claim that it was on the back seat floorboard of the car with "stuff laying over the top of it."
Officer Chris Thurman ("Thurman"), who arrived at the scene after Sergeant Michael Roberson ("Roberson") had removed the gun from the vehicle, testified that he could not be sure whether the gun was removed from the trunk or back seat. Roberson stated that during the chase, he pulled alongside Phillips' vehicle and first observed the gun. When he stopped Phillips, he saw the gun lodged between the two front seats of the vehicle, with the butt of it sticking up and the barrel of it facing the floor. He estimated that the gun was six to twelve inches from Phillips' leg and that he did not see how Phillips could have avoided seeing it or hitting it with his elbow as he drove the car. Captain Warren Lee ("Lee") testified that before its removal from the car, he, too, observed the gun in the front seat of the car with the barrel pointing toward the floor. The gun was found to be fully loaded.
Obviously, the jury accepted Roberson's and Lee's testimony as to the location of the gun and rejected Samantha's version of the events. Although there existed discrepancies in Thurman's account of the *968 location of the gun when it was seized, it was Roberson who actually first saw and retrieved the weapon and Lee who observed it prior to its removal. Hence, it was reasonable for the jury to give greater weight to these officers' eyewitness accounts of the location of the gun than to Thurman's after-the-fact beliefs. Of course, it is always the function of the trier of fact to assess credibility and resolve conflicting testimony. State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (La.1993). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La.1987). In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Brown, 29,708 (La.App. 2d Cir.09/24/97), 702 So.2d 744, writ denied, 97-2549 (La.01/30/98), 709 So.2d 703. Where a trier of fact has made a rational determination, an appellate court should not disturb it. Thomas, supra.
Clearly, if believed, the officers' eyewitness accounts of the location of the gun reasonably support the jury's conclusion that it was located in the front of the car, that Phillips knew of its presence, and that he exercised dominion and control over it.
Moreover, we find the evidence sufficient to support the jury's conclusion that Phillips exhibited the requisite intent to possess the gun. At trial, Brian Whitehead ("Brian"), Samantha's brother, identified the gun found in the vehicle as belonging to him. While he could not remember the exact date, Brian testified he gave the gun to Phillips who put it into the car in which Phillips, Samantha and their three children had arrived. He remembered talking to them sometime around July 13, 1999. On the day Phillips borrowed the gun, Brian received a phone call at work from Samantha who asked if Phillips could borrow it. Brian then spoke with Phillips who told him that he wanted to borrow the gun to go shooting the next day. Brian agreed and then left work to retrieve the gun at his home. While inside his home, Brian gave Phillips the gun and some shells. Phillips and his family then departed. Brian indicated that he learned of Phillips' arrest later that same night when he went to his parents' home after he finished work for the day.
To the contrary, Samantha claimed that she borrowed the gun from Brian two weeks before the incident. She had kept it in her bedroom since that time and planned on returning the weapon to Brian on July 13, 1999. Although she informed police of the existence of the weapon in the car, she did not indicate who owned it. Samantha testified that her entire family disliked Phillips.
Again, the jury obviously rejected Samantha's explanation for Phillips' possession of the weapon. As noted above, this credibility determination is entitled to great deference. Although Brian could not remember the exact date of the transfer of the gun to Phillips, his testimony is clear that it was Phillips who requested the gun for shooting and who received it from Brian. Brian clearly stated that the incident was the only time he had loaned Phillips a gun in the recent past, and it was the same night that he learned of Phillips' arrest for possession of the gun. From this evidence, the jury could have reasonably concluded that on the evening of July 13, 1999, Phillips possessed the gun with the clear intent to use it for his own purposes rather than merely acquiescing to its presence in the vehicle, thus satisfying *969 the requisite general intent requirement of La. R.S. 14:95.1.[4]
Accordingly, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of La. R.S. 14:95.1 were proven beyond a reasonable doubt. This assignment is, therefore, without merit. We affirm Phillips' conviction.

ERROR PATENT
The record indicates that in sentencing Phillips for the firearm conviction, the trial court failed to impose a fine as required by La. R.S. 14:95.1(B). Accordingly, Phillips' sentence is illegally lenient. Even though the state has neglected to seek appellate or supervisory relief in accordance with La. R.S. 15:301.1(B), and because the trial court is given discretion in assessing the amount of the fine under La. R.S. 14:95.1(B), it is appropriate that we remand for resentencing on the firearm conviction under the authority of the recent supreme court pronouncement in Williams, supra.

CONCLUSION
For the foregoing reasons, Phillips' conviction of possession of a firearm by a convicted felon is affirmed. For that conviction, however, we remand for resentencing to comply with the mandatory sentencing requirements of La. R.S. 14:95.1(B).
CONVICTION AFFIRMED; REMANDED FOR RESENTENCING.

APPLICATION FOR REHEARING
Before NORRIS, C.J., BROWN, WILLIAMS, PEATROSS, and KOSTELKA, JJ.
Rehearing denied.
NOTES
[1] The trial court's Judgment incorrectly states that Phillips pled guilty to the charges and neglects to state that the ten-year sentence was imposed without benefit of suspension, probation or parole.
[2] Although a sufficiency-of-the-evidence claim is more appropriately raised by a motion for post-verdict judgment of acquittal, this court has held that it may also be raised by assignment of error. State v. Green, 28,994 (La. App. 2d Cir.02/26/97), 691 So.2d 1273.
[3] The record shows Phillips' previous convictions for simple robbery and simple burglary on July 23, 1997 for which he received five years' supervised probation and a six-year hard labor sentence, respectively. Both of these offenses qualify as enumerated felonies under La. R.S. 14:95.1.
[4] With Brian's testimony showing how Phillips came into possession of the gun, we distinguish the case from the facts of both State v. Heacox, 543 So.2d 101 (La.App. 3 Cir. 1989) and State v. Fisher, 94-2255 (La.App. 1st Cir.12/15/95), 669 So.2d 460, writ denied, 96-0958 (La.09/20/96), 679 So.2d 432, cited by Phillips in brief. These cases reversed the defendants' La. R.S. 14:95.1 convictions where the evidence demonstrated only a mere acquiescence to the presence of weapons in vehicles.