942 So.2d 1209 (2006)
STATE of Louisiana, Appellee,
v.
Deandre Laroy BROKENBERRY, Appellant.
No. 41,481-KA.
Court of Appeal of Louisiana, Second Circuit.
November 3, 2006.
*1210 William C. Monroe, for Appellant.
Paul J. Carmouche, District Attorney, Tommy J. Johnson, Brady D. O'Callaghan, Assistant District Attorney, for Appellee.
Before WILLIAMS, STEWART and CARAWAY, JJ.
WILLIAMS, J.
The defendant, Deandre Laroy Brokenberry, was charged by bill of information with possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1. Following a bench trial, he was convicted as charged. He was sentenced to serve a prison term of 10 years at hard labor without benefit of parole, probation or suspension of sentence and was ordered to pay a fine of $1,000. The defendant now appeals. For the following reasons, we affirm the conviction and sentence.

FACTS
On July 8, 2005, Corporal Robert Robinson, III of the Shreveport Police Department was patrolling the Fairfield Avenue  East 76th Street area of Shreveport. At approximately 12:00 a.m., Cpl. Robinson observed a white Chevrolet Caprice traveling in the wrong lane at a high rate of speed. When Cpl. Robinson approached the vehicle and activated his siren and lights, the driver continued for approximately two more blocks and then stopped. There were four male occupants of the vehicle: the defendant was the driver, and Tavarus Hines, Ryan Petteway and Demetrius Brokenberry ("Demetrius"), were passengers.
Corporal Jeff Nelson arrived on the scene in a separate police unit to assist with the stop. The occupants of the vehicle were ordered to place their hands in plain view, and the defendant was ordered to exit the vehicle. Cpl. Robinson handcuffed the defendant and advised him of his rights pursuant to Miranda v. Arizona.[1] Cpl. Robinson asked the defendant whether there were any weapons in the vehicle, and the defendant responded affirmatively. Cpl. Robinson secured the defendant in the backseat of a police unit, ordered the other occupants to exit the vehicle, handcuffed them and secured them in marked police vehicles. None of the occupants had weapons on their persons.
*1211 Cpl. Robinson looked into the vehicle and observed a "MAC 90" assault rifle, with its barrel propped between the front seats and the stock on the backseat floorboard. A 75-round drum magazine was observed on the floorboard next to the rifle. A "Glock 40" handgun was observed on the front passenger floorboard. The handgun was loaded with a 15-round magazine, and a holster containing an additional magazine and magazine holder was also found in the vehicle. Cpl. Robinson testified that the front floorboard of the vehicle was "flush," so both weapons were in plain view and within reach of the defendant. Cpl. Nelson corroborated the location of the firearms in the vehicle and testified that both weapons were within the defendant's reach.
Cpl. Robinson testified that the defendant informed the officers that he did not own the firearms and that the weapons had been purchased by his brother and father. The defendant admitted that he knew the weapons were in the vehicle and added that he was not supposed to be around firearms due to his previous felony conviction. According to Cpl. Robinson, after the defendant was confronted with the fact that he was, in fact, near the weapons, the defendant retorted, "Man, these streets are dangerous; you can't blame me for carrying these."
Cpl. Robinson requested police headquarters to run a background check on the defendant and proceeded to question the other occupants of the vehicle. Demetrius, the defendant's brother, informed Cpl. Robinson that he had purchased the firearms. Cpl. Robinson secured and seized the firearms and ammunition.
The defendant's criminal background check revealed that he had previously been convicted of possession of cocaine, a schedule II narcotic, and his sentence for that conviction had ended on September 29, 1999. The defendant was placed under arrest for possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1.
The defendant waived his right to a trial by jury. During the bench trial, Cpl. Robinson and Cpl. Nelson testified with regard to the above related facts and circumstances.
Demetrius testified that the firearms were in the vehicle because he was moving them from his grandmother's house to his father's house. According to Demetrius, both guns were in the backseat on the floorboard, beyond the reach of the defendant. Demetrius asserted that, during the course of the traffic stop, he informed the officers that the weapons belonged to him. He stated that he had purchased them at a gun show under his father's name. Demetrius explained that he was sitting in the backseat on the passenger's side, and he placed the Glock on the back floorboard. He maintained that the gun must have shifted to the front floorboard during the stop. Demetrius also denied the officers' claim that the rifle was observed between the front seats of the vehicle. Demetrius stated that when he entered the vehicle, he placed the rifle on the floor of the backseat.
The defendant testified in his own defense. He admitted that he knew Demetrius had entered the vehicle with guns in his possession. However, the defendant denied telling Cpl. Robinson that the streets were dangerous and he could not be blamed for carrying the firearms. He also denied ever having either possession of or easy access to the weapons. The defendant stated that the rifle could not have been situated between the front seats *1212 because the vehicle had a bench seat with an armrest. The defendant further testified that when he was ordered to exit the vehicle, the handgun was in the possession of Demetrius, who was seated in the backseat, and Demetrius must have placed it on the floorboard thereafter.
The defendant was found guilty as charged of possession of a firearm by a convicted felon. He was sentenced to serve a prison term of 10 years at hard labor without benefit of parole, probation or suspension of sentence, and he was ordered to pay a fine of $1,000. This appeal followed.

DISCUSSION
In his sole assignment of error, the defendant contends the evidence was insufficient to support a conviction of possession of a firearm by a convicted felon. Specifically, the defendant maintains the state failed to prove that he had actual or constructive possession of either firearm and that he possessed the requisite intent to possess the weapons.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Cummings, XXXX-XXXX (La.2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App.2d Cir.8/29/02), 827 So.2d 488, writ denied, 2002-2634 (La.9/05/03), 852 So.2d 1020. This standard, now legislatively embodied in LSA-C.Cr.P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, XXXX-XXXX (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, XXXX-XXXX (La.10/16/95), 661 So.2d 442.
To prove a violation of LSA-R.S. 14:95.1, the state must establish beyond a reasonable doubt: (1) the defendant possessed a firearm; (2) a previous conviction of an enumerated felony; (3) the absence of the 10-year period of limitation; and (4) general intent to commit the offense. LSA-R.S. 14:95.1;[2]State v. Husband, 437 So.2d 269 (La.1983); State v. Qualls, 40,630 (La.App.2d Cir.1/27/06), 921 So.2d *1213 226; State v. Morvan, 31,511 (La.App.2d Cir.12/9/98), 725 So.2d 515, writ denied, XXXX-XXXX (La.5/28/99), 743 So.2d 659; State v. Tatum, 27,301 (La.App.2d Cir.9/27/95), 661 So.2d 657.
In the instant case, the defendant's prior conviction and the absence of the 10-year period of limitation are not in dispute.[3] The controverted issue herein is whether the defendant had the requisite intent to possess the weapon, either through actual possession or through constructive possession. Whether the proof is sufficient to establish possession turns on the facts of each case. State v. Johnson, XXXX-XXXX (La.4/14/04), 870 So.2d 995; State v. Harris, XXXX-XXXX (La.12/8/94), 647 So.2d 337. Further, guilty knowledge may be inferred from the circumstances of the transaction and proven by direct or circumstantial evidence. State v. Johnson, supra; State v. Hearold, 603 So.2d 731 (La.1992); State v. Trahan, 425 So.2d 1222 (La.1983).
Constructive possession of a firearm occurs when the firearm is subject to the defendant's dominion and control. State v. Johnson, supra; State v. Mose, 412 So.2d 584 (La.1982); State v. Lewis, 535 So.2d 943 (La.App. 2d Cir.1988). A defendant's dominion and control over a weapon constitutes constructive possession, even if it is only temporary and even if the control is shared. State v. Johnson, supra; State v. Lane, 33,059 (La.App.2d Cir.3/3/00), 755 So.2d 368, writ denied, XXXX-XXXX (La.4/20/01), 790 So.2d 15. Constructive possession contains an element of awareness or knowledge that the firearm is there and a general intent to possess it. State v. Shrader, 38,327 (La. App.2d Cir.8/18/04), 881 So.2d 147; State v. Lane, supra; State v. Evans, 29,675 (La.App.2d Cir.9/24/97), 700 So.2d 1039, writ denied, 1997-2942 (La.1/9/98), 705 So.2d 1121. General intent exists when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. LSA-R.S. 14:10. Although the existence of intent is a question of fact, it may be inferred from the circumstances of the transaction. State v. Shrader, supra; State v. Joseph, XXXX-XXXX (La.App. 3d Cir.4/17/03), 854 So.2d 914.
Several Louisiana courts have considered cases involving constructive possession of firearms discovered in vehicles. In State v. Johnson, supra, the defendant was a passenger in the backseat of a vehicle which was stopped for a traffic violation. When the defendant exited the vehicle, a police officer noticed a small automatic pistol on the floorboard where the defendant's feet had been located. The supreme court upheld the defendant's conviction, ruling that a rational trier of fact could have concluded that the defendant knew the weapon was in the vehicle, and he had exercised dominion and control *1214 over it by attempting to conceal it from the police officers.
In State v. Dabney, XXXX-XXXX (La.4/9/03), 842 So.2d 326, police officers removed a firearm, gun case, clip and nine cartridges from a vehicle parked in the middle of a street. The defendant, who was standing near the vehicle, informed the officers that he had driven the vehicle to the location. The defendant testified that he did not know the firearm was under the driver's seat of the vehicle until he attempted to retrieve an item from under the seat. The court held that the evidence was sufficient to show that the defendant had constructive possession of the firearm.
In State v. Storks, 2002-754 (La.App. 5 Cir. 12/30/02), 836 So.2d 638, police officers conducted an investigatory stop of a vehicle in which the defendant was a passenger. After the driver of the vehicle was ordered to exit the vehicle, the officers discovered that a firearm was in the vehicle. Consequently, the three passengers were ordered to exit the vehicle one at a time. Once the vehicle was empty, the officers observed a loaded handgun in the middle of the seat where the defendant and another passenger had been sitting. The officers determined that the defendant was a convicted felon and placed him under arrest. The defendant was convicted of attempted possession of a firearm, a responsive verdict under LSA-R.S. 14:95.1. The appellate court affirmed the conviction, finding that the jury had sufficient evidence to conclude that the defendant was aware that the gun was in the vehicle and that the gun was under his dominion and control at the time the vehicle was stopped.
In State v. Phillips, 35,554 (La.App.2d Cir.1/23/02), 806 So.2d 964, during a pursuit of the defendant, a police officer observed a shotgun in the front seat of the defendant's vehicle. The officer testified that the gun was lodged between the two front seats of the vehicle, with the butt of the gun protruding up and the barrel facing the floor. The defendant's wife controverted the officer's testimony, stating that the firearm was located on the backseat floorboard of the car, and items were on top of the gun. This court affirmed the defendant's conviction, finding any rational trier of fact could have reasonably found that elements of LSA-R.S. 14:95.1 were proven beyond a reasonable doubt.
In the instant case, after hearing the testimony and observing the demeanor of the witnesses, the trial court stated:
Even by his own testimony alone and/or that of his brother, I believe that Deandre Brokenberry had sufficient criminal intent and specifically possessed a firearm that evening. I think by his own testimony or that of his brother's, he had constructive possession sufficient for his guilt to be proven beyond a reasonable doubt.
However, in making the appropriate credibility determinations, I believe that the State's theory of the case is correct. I believe specifically Corporal Robinson and Corporal Nelson with respect to the areas in the car where the guns were located.
* * *
Certainly, at the very least, even though I believe there was actual possession, I think at the very least it has been proven beyond all doubt that Mr. Deandre Brokenberry had constructive possession because these weapons were certainly under his dominion or control *1215 with knowledge of these weapons and the control of these weapons at the very least existed through another person.
* * *
After reviewing the record in its entirety, we conclude that the evidence was sufficient to support the defendant's conviction. Even accepting the defendant's testimony with regard to the presence and location of the firearms in the vehicle, a rational trier of fact could have determined that the weapons remained subject to his dominion and control by virtue of the defendant's knowledge that the firearms were in the vehicle, as well as the proximity of the firearms to the defendant at the time of the stop. Accordingly, we find that the evidence was sufficient to prove the elements of LSA-R.S. 14:95.1 beyond a reasonable doubt.

CONCLUSION
For the reasons set forth herein, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] LSA-R.S. 14:95.1 provides, in pertinent part:

A. It is unlawful for any person who has been convicted of a crime of violence as defined in R.S. 14:2(13) which is a felony or simple burglary, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instrumentalities, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or any violation of the Uniform Controlled Dangerous Substances Law [LSA-R.S. 40:961 et seq.] which is a felony, or any crime which is defined as a sex offense in R.S. 15:541(14.1), or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above-enumerated crimes, to possess a firearm or carry a concealed weapon.
B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than ten nor more than fifteen years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
[3] The defendant does not deny his prior felony conviction. Furthermore, during the trial, the state introduced into evidence a bill of information, to which the defendant entered a guilty plea to possession of a schedule II controlled dangerous substance, cocaine, on September 29, 1997. The state also presented the testimony of Shreveport Police Cpl. Tommy Rachal, an expert in fingerprint identification and analysis. The defendant was fingerprinted in open court and the fingerprint card was introduced into evidence. Cpl. Rachal compared the defendant's fingerprints to the fingerprints contained on the back of the previous bill of information and determined that they were made by the same person.