337 So.2d 1131 (1976)
STATE of Louisiana
v.
Clarence SANDERS.
No. 57711.
Supreme Court of Louisiana.
September 13, 1976.
In Denial of Rehearing October 15, 1976.
*1132 Frank DeSalvo, Orleans Indigent Defender Program, Gretna, for defendant-appellee.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Timothy W. Cerniglia, Asst. Dist. Atty., for plaintiff-appellant.
Per Curiam In Denial of Rehearing October 15, 1976.
CALOGERO, Justice.
The question in this case is whether the state may multiple-bill a person, who was convicted under R.S. 14:95.1 of being a convicted felon who carries a concealed weapon, by using in the multiple-bill the same felony convictions alleged as elements of the offense. This issue is res nova in Louisiana.
The issue arose in this way. Clarence Sanders was twice convicted of committing armed robberies, once in 1955 and again in 1961. Again, in 1970, he was convicted of committing a felony, attempted simple burglary. Presumably having served his previous sentences, he was charged and convicted of violating R.S. 14:95.1, which makes it a crime for a convicted felon to carry a concealed weapon. In order to establish that he was a convicted felon, the state relied upon his 1961 conviction for armed robbery and his 1970 conviction for attempted simple burglary. He was tried in November of 1975, convicted, and sentenced to five years imprisonment. Although the record reflects that defendant Sanders noticed an appeal from that conviction, that appeal has not yet reached this Court. Instead, the matter before us concerns a bill of information filed by the state after conviction and sentencing, charging Sanders as a multiple offender under R.S. 15:529.1. In this charge the state relied upon all three of the prior offenses noted above, namely the two armed robberies and the attempted simple burglary. Sanders filed a motion to quash the multiple offender bill, alleging that the prosecution constituted double jeopardy and that the habitual offender statute was not intended by the legislature to be used, and may not be used, to enhance a penalty which has been imposed under R.S. 14:95.1, itself a status crime. The trial judge granted defendant's motion because he found that the state's "double use of the same conviction to cause first, a status crime, 14:95.1, and secondly, an enhancement under 15:529.1" constituted a violation of the prohibition against double jeopardy and/or collateral estoppel, and a violation of the guarantee of due process of law.[1] The state has taken an appeal from the trial judge's action in quashing the multiple offender bill.
Before looking to the merits of the case, we must decide whether the matter is properly before the Court. We have held that under C.Cr.P. art. 912(B)(1), the state has no appeal from the quashing of a multiple offender information because it does not charge a substantive crime, but merely enhances the penalty. State v. Jackson, 298 So.2d 777 (La.1974). However, we notice that the state might have been afforded an appeal under an independent provision, C.Cr.P. art. 912(B)(3) which allows the state to appeal from an adverse ruling on "a plea of double jeopardy." Although the state would have had an appeal under that provision as it had existed under the 1921 Constitution, we have recently held that under the provisions of the 1974 Constitution, when the state seeks review of a final pre-conviction judgment or ruling in a criminal case, that review is possible *1133 only under the Court's supervisory jurisdiction, available by application for writs of review, not under the Court's appellate jurisdiction. State v. James, 329 So.2d 713 (La.1976).[2] However, at the time of the state's appeal in the instant case, we had not yet rendered our decision in State v. James, supra, which held that because of a conflict with the 1974 Constitution, the provisions of Article 912 allowing the state to appeal adverse rulings on such matters as motions to quash and pleas of double jeopardy were ineffective. Therefore, we shall treat this appeal as an application for supervisory writs.
La.R.S. 14:95.1 is part of a 1975 amendment to the previously existing R.S. 14:95. The latter statute makes criminal the intentional concealment of a firearm, and various other offenses concerning weapons. It does not impose punishment for possession of a weapon. Anyone found in violation of R.S. 14:95 can be imprisoned no longer than six months and/or fined no more than five hundred dollars. R.S. 14:95(B).[3]
In 1975 the legislature enacted special legislation to punish a person who has been convicted of certain enumerated felonies[4] and who possesses a firearm or conceals a weapon. R.S. 14:95.1. The statute contemplates proof of prior conviction of an enumerated offense as well as possession or concealment of a weapon. The legislature announced that it had directed its statute toward preventing convicted felons from possessing or concealing weapons. II State of Louisiana Acts of the Legislature 1975 at 1063. The statute greatly increases the penalties: possessing a firearm exposes a felon to a minimum of three years imprisonment and a maximum of ten years; carrying a concealed weapon additionally imposes the restriction that the sentence be without benefit of probation, parole, or suspension of sentence, and adds a fine of not less than one thousand dollars nor more than five thousand dollars. By its passage of R.S. 14:95.1, therefore, the legislature raised the maximum penalty for carrying a concealed weapon from only six months and five hundred dollars to ten years without benefit of pardon, parole, or suspension of sentence and five thousand dollars because the person has committed prior felonies. And it has imposed a penalty of up to ten *1134 years imprisonment for a person who possesses a weapon if that person has been convicted of a felony even though a person without a felony record receives no penalty at all for committing the same act.
In the case before us, the state has not been satisfied to allow defendant Sanders to be sentenced within the specially authorized maximum penalty provided in R.S. 14:95.1, but has attempted to further enlarge his penalty by multiple-billing him under R.S. 15:529.1. In doing this, it has attempted to use defendant's prior conviction twice: first, to establish his status as a convicted felon so as to convict him of the crime, and, second to increase the penalty through a multiple bill. The trial judge felt that this double use of the same convictions was barred by the prohibition against double jeopardy (or collateral estoppel) and by the guarantee of due process. Although we affirm the trial court's action in quashing the indictment, we do so for other reasons, finding it unnecessary to reach these constitutional issues.
The habitual offender statute, enacted in 1956, does not create a new or separate offense based on the commission of more than one felony but merely provides for imposition of an increased sentence for persons convicted of second and subsequent felonies. State v. Jackson, supra; State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974). It is a general statute designed to punish those who are repeat offenders. State v. Washington, 248 La. 894, 182 So.2d 528 (1966).
The firearms statute at issue here, R.S. 14:95.1, was enacted in 1975 and, as previously explained, provides that possession or concealment of a weapon by a person who has previously been convicted of one of the offenses therein enumerated is a felon, and that punishment therefor is confinement for three to ten years. Under the statute it is not the possession or concealment of a weaponstanding alonewhich is a felony. It is made a felony only when the person committing the act has previously been convicted of one of the enumerated offenses. The act of possessing or concealing becomes a felonly only because the person has the status of convicted felon. Consequently, the legislature has itself imposed an increased penalty on a possessor or concealor of a weapon, if he is a felon, by means of this legislation specially aimed toward the convicted felon. We assume that the legislature was prompted to make this change because a person multiple-billed after conviction under the original statute, R.S. 14:95, could usually be given only a very short sentence.[5] Since the legislature in passing R.S. 14:95.1 has in that very statute provided enhanced penalties for the act of concealing a weapon when the concealor is a felon, we therefore presume that it must not have intended the multiple enhancement incident to the state's using R.S. 15:529.1 to further enhance the penalty.
In reaching this conclusion, we find persuasive the decisions of other state courts which have determined that habitual offender laws may not be used to further enhance penalties for status crimes.[6] We find the following language used by the Kansas Supreme Court particularly appropriate:
"Furthermoreif the habitual criminal statute were to apply to the facts of this case the practical effect would be to nullify the penalty provision of the special statute in questionwhich is imprisonment for not to exceed five years. In fixing such penalty the statute itself *1135 takes into account the fact of the previous conviction." State v. Ware, 201 Kan. 563, 442 P.2d 9, 11 (1968) [Emphasis in original]
Moreover, we also find persuasive the fact that the Louisiana legislature has, in a recent amendment to Article 893 of the Code of Criminal Procedure, indicated that the state can multiple-bill a person on the basis of a suspended sentence under that article.[7] In the statute at issue here, on the other hand, the legislature did not indicate that it wished the multiple-billing procedure to be available upon conviction. The firearms statute details specific punishment for concealment of a weapon by a felon; its terms do not indicate that a greater penalty can be superimposed by multiple-billing. Since the legislature has specified the penalty limits it wishes imposed on convicted felons who carry weapons, and since it has not indicated that further enhancement is to be allowed through the multiple-billing procedure, we are persuaded that the legislature did not intend that a person convicted under R.S. 14:95 be subject to multiple billing.
Consequently, we find that the penalty provisions enacted in R.S. 14:95.1 were intended by the legislature to delimit the permissible punishment for that offense because the statute itself takes into account the fact of defendant's previous felony conviction and the legislature gave no indication that it wanted the multiple-billing procedure to remain available as a vehicle for further enlargement of the penalty.
For the reasons assigned, we conclude that the action of the trial court in quashing the indictment was correct. The state's application for supervisory writs (which is what we construe the state's attempt to appeal to be) is therefore denied.

Application for Rehearing
PER CURIAM.
For the reasons expressed in our opinion in this case we construed the state's appeal as an application for writs, State v. James, 329 So.2d 713 (La.1976), and, doing so, found non-meritorious the state's complaints. Accordingly, we denied the application.
The state has now filed an application for rehearing. Because rehearings are not available from denial of a writ application, we may not consider the rehearing application. Rules of Supreme Court, rule IX, § 6; State v. Beamish, 206 La. 579, 19 So.2d 258 (1944); Blaize v. Hayes, 204 La. 298, 15 So.2d 228 (1943). See also State v. Mims, 330 So.2d 905 (La.1976), No. 57,073 on our docket wherein defendant's application for rehearing was not considered following our opinion in which we treated defendant's appeal as an application for supervisory writs, and, in so considering, denied the application.
However, inasmuch as the state's application points to a minor error in our original opinion, absent which, in our view, the result would have been no different, we choose to correct the opinion by means of this per curiam.
We related in our original opinion that a person convicted under La.R.S. 14:95 could be double-billed under La.R.S. 15:529.1. That, of course, is true if the person has been convicted under R.S. 14:95(C) for second offense concealed weapon or under R.S. 14:95(D) for third and subsequent offense concealed weapon. However, R.S. 14:95(B) for first offense concealed weapon is a misdemeanor and only on a felony conviction can a person be multiple-billed. Consequently, footnote five and the sentence of the original opinion which it modifies should thus be disregarded because as written it is incorrect and has no relevance to the decision.
The point which we attempted to make in surmising the legislative intent, however, is still appropriate. A prior felon convicted of his first violation of La.R.S. 14:95, a misdemeanor, *1136 is not subject to an enhanced penalty under R.S. 15:529.1. Accordingly, we reassert that we assume the legislature enacted R.S. 14:95.1 to allow a more severe penalty (three to ten years without benefit of probation, parole, or suspension of sentence) rather that six months maximum for the prior felon who first violates R.S. 14:95 by carrying a concealed weapon.
NOTES
[1] The trial judge also found that the 1955 conviction, the first of the three convictions in the state because it did not fit within the time limitation of five years which was set out in R.S. 15:529.1(C).
[2] Article 912(B) of the Louisiana Code of Criminal Procedure provides that the state may appeal from judgments or rulings on, inter alia, motions to quash an indictment and pleas of double jeopardy. The 1974 Constitution, however, provides that in criminal cases the state may appeal only when a law or ordinance has been declared unconstitutional. The applicable constitutional provisions are set forth in Article 5, Section 5, of the Louisiana Constitution of 1974, as follows:

"(D) Appellate Jurisdiction. In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional; (2) the defendant has been convicted of a felony or fine exceeding five hundred dollars or imprisonment exceeding six months actually has been imposed.
"(E) Other Criminal Cases; Review. In all criminal cases not provided in Paragraph (D)(2) of this Section, a defendant has a right of appeal or review, as provided by law." (emphasis added)
In the case before us the defendant has not been sentenced as a multiple offender because the trial judge quashed the multiple bill.
[3] The statute provides greater penalties for repeat offenders. Before its 1975 amendment, the statute had provided for a maximum of two years for a second conviction, and five years for a third and subsequent convictions. The 1975 amendment raised those penalties so that now, on a second conviction, the offender shall be imprisoned with or without hard labor for not more than five years. R.S. 14:95(C). On a third or subsequent conviction, the offender shall be imprisoned with or without hard labor for not more than ten years without benefit of parole, probation, or suspension of sentence.
[4] The felonies are these: "first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon."
[5] Even if multiple billed as a second offender, when that second conviction is for a violation of R.S. 14:95, carrying a concealed weapon, a person can be sentenced only to a minimum of two months and a maximum of one year; as a third offender he can be sentenced to a minimum of three months and a maximum of one year; and as a fourth offender to a minimum of twenty years and a maximum of life imprisonment. These figures show that, even if enhanced by a multiple-bill under R.S. 15:529.1, the penalties available are minimal, except when the defendant is a fourth offender.
[6] See Carvajal v. State, 529 S.W.2d 517 (Ct.Cr. App.Tex.1975); Ramirez v. State, 527 S.W.2d 542 (Ct.Cr.App.Tex.1975); State v. Alderete, 88 N.M. 150, 538 P.2d 422 (1975); State v. Smith, 12 Ariz.App. 272, 469 P.2d 838 (1970).
[7] The legislature provided in Article 893 that the sentences imposed in certain felony convictions may be suspended and probation imposed, but explained that the conviction "may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender."