356 So.2d 427 (1978)
STATE of Louisiana
v.
Lloyd HOLLAND.
No. 60965.
Supreme Court of Louisiana.
March 15, 1978.
*428 John M. Blanchard, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William L. Brockman, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
On October 21, 1975, defendant Lloyd Holland, having previously been convicted of manslaughter and possession of heroin, was charged by bill of information with carrying a concealed weapon, in violation of La.R.S. 14:95.1. He was tried before a twelve person jury which found him guilty as charged. On December 15, the state charged that defendant was a multiple offender, subject to an enhanced penalty under La.R.S. 15:529.1. After defendant's motion to quash the multiple offender information was denied, he pleaded guilty to the charge and was subsequently sentenced to serve 20 years at hard labor. On appeal, he contests the legality of the sentence.[1]
Defendant aptly argues that the penalty-enhancing provisions of La.R.S. 15:529.1 were inapplicable in this case, under State v. Sanders, 337 So.2d 1131 (La.1976). In Sanders, we held:
"* * * [T]he penalty provisions enacted in R.S. 14:95.1 were intended by the legislature to delimit the permissible punishment for that offense because the statute itself takes into account the fact of defendant's previous felony conviction and the legislature gave no indication that it wanted the multiple-billing procedure to remain available as a vehicle for further enlargement of the penalty." 337 So.2d at 1135.
Since defendant's status as a prior felon subjected him to an enhanced penalty under La.R.S. 14:95.1, his sentence could not be further enlarged by application of La.R.S. 15:529.1. State v. Sanders, supra.
Accordingly, defendant's conviction is affirmed, but his sentence is annulled and set aside. The case is remanded for resentencing in accordance with law.
NOTES
[1] Two assignments relating to alleged trial errors were neither briefed nor argued, and are considered abandoned. State v. Russell, 352 So.2d 1289 (La.1977).