997 So.2d 688 (2008)
STATE of Louisiana, Appellee
v.
Marvin Wayne BROOKS, Appellant.
No. 43,613-KA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 2008.
*689 Louisiana Appellate Project, by Edward Kelly Bauman, Lake Charles, for Appellant.
Paul Joseph Carmouche, District Attorney, Edward M. Brossette, Catherine Marion Estopinal, Assistant District Attorneys, for Appellee.
Before STEWART, DREW and MOORE, JJ.
*690 DREW, J.
Marvin Wayne Brooks was convicted of possession of marijuana, third offense. Adjudicated as a third felony offender, he was sentenced to 14 years at hard labor without benefit of probation or suspension of sentence. We affirm.

FACTS
In September 2006, Shreveport Police Officer Brad Sotak smelled the odor of burning marijuana as he approached a house on Andrew Street. Sotak knocked on the door and the defendant answered. Sotak patted down the defendant, Mirandized him, and made a protective sweep of the house, finding a cigar filled with marijuana in an ashtray on a bed. The defendant admitted that the marijuana belonged to him.
After his conviction, he was charged as a third felony offender, based on prior convictions for possession of cocaine in 1995 and simple criminal damage to property in 2001.
He filed a motion to quash the habitual offender bill, arguing that it sought to enhance a crime already enhanced by law; the trial court denied the motion. After being adjudicated a third felony offender, he was sentenced to 14 years at hard labor without benefit of probation or suspension of sentence. A motion for new trial, motion for post-verdict judgment of acquittal, and a motion to reconsider sentence were denied.

DISCUSSION

Motion to Quash
Defendant cites State v. Baker, 2006-2175 (La.10/16/07), 970 So.2d 948, wherein the Louisiana Supreme Court addressed an analogous situation in which the state filed a habitual offender bill against a defendant convicted of being a felon in possession of a firearm.[1] Previously, in State v. Sanders, 337 So.2d 1131 (La.1976), the court had held that the State could not multi-bill a person who had been convicted of being a felon in possession of a firearm by using in the multiple offender bill the same convictions alleged as elements of the firearms offense. However, in Baker, the court overruled Sanders, as well as the similar case of State v. Firmin, 354 So.2d 1355 (La.1978), and held that a sentence for a person convicted of being a felon in possession of a firearm could be enhanced under the habitual offender law as long as the prior felony conviction that is used as an element in the firearm conviction is not also used as a prior felony conviction in the multiple offender bill of information.
Here, after citing Baker, supra, the defendant suggests that this court "should revisit the holding in Baker," quoting from Justice Calogero's dissent in Baker. Defendant also argues that the present case can be distinguished "as it deals with possession of marijuana, third offense, not possession of a firearm by a convicted felon." He further argues that he had no idea when he pled guilty to possession of marijuana in 1984 and 2003 that he would face "double enhancement" if he later was convicted of possession of marijuana in the future. Thus, he argues that "the retroactive application of the court's decision in Baker as to Marvin Brooks may violate his due process rights."
The state argues that the defendant's due process argument is barred because *691 he did not raise it in his motion to quash in the trial court. Finally, the state argues that Baker itself answers the defendant's argument about retroactive application of the Baker holding by stating that the holding is retroactively applicable to any criminal defendant whose conviction was not yet final on direct appeal.
The provisions of La. R.S. 15:529.1. state, in pertinent part:
A. (1) Any person who, after having been convicted within this state of a felony or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of this Subsection, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(a) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction;
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
(i) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction.
The provisions of La. R.S. 40:966(E) state, in pertinent part:
E. Possession of marijuana.
(1) Except as provided in Subsections E and F of this Section, on a first conviction for violation of Subsection C of this Section with regard to marijuana, tetrahydrocannabinol or chemical derivatives thereof, the offender shall be fined not more than five hundred dollars, imprisoned in the parish jail for not more than six months, or both.
(2) Except as provided in Subsection F or G of this Section, on a second conviction for violation of Subsection C of this Section with regard to marijuana, tetrahydrocannabinol or chemical derivatives thereof, the offender shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than five years, or both.
(3) Except as provided in Subsection F or G of this Section, on a third or subsequent conviction for violation of Subsection C of this Section with regard to marijuana, tetrahydrocannabinol, or chemical derivatives thereof, the offender shall be sentenced to imprisonment with or without hard labor for not more than twenty years, and may, in addition, be sentenced to pay a fine of not more than five thousand dollars.
This case is controlled by Baker, supra. The fact that this case involves possession of marijuana, third offense, rather than possession of a firearm by a convicted felon, is immaterial. Nothing in La. R.S. 14:95.1 explicitly indicates a penalty under the statute may be subsequently enhanced, *692 nor does the statute explicitly prohibit a penalty imposed under the statute from being subsequently enhanced. The wording of the statute does not address the issue of subsequent enhancement. The same is true of La. R.S. 40:966(E), the offense of prosecution here.
The court in Baker found nothing in the purpose of La. R.S. 14:95.1 that would prevent enhancement of a penalty imposed under its provisions. The same is true of La. R.S. 40:966(E). The Baker court ultimately concluded that a genuine construction of La. R.S. 14:95.1 would allow a sentence imposed under the statute to be enhanced under the habitual offender law as long as the prior felony conviction used as an element of the firearms conviction is not also used as a prior felony conviction in the habitual offender bill of information. Applying that reasoning to the instant case, we conclude that a sentence for possession of marijuana, third offense, can be enhanced under the habitual offender law as long as none of the marijuana convictions are used as prior felony convictions in the habitual offender bill of information. Thus, there is no prohibition of enhancement in the instant case.

Excessive Sentence
The defendant argues that a sentence of 14 years at hard labor for a partially burned single marijuana cigarette must yield to the constitutional prohibition of excessive punishment, and argues that even the imposition of a sentence within the statutory limits may constitute excessive punishment.
Additionally, the defendant argues that the trial court did not refer to any factors which particularly justify the imposition of this sentence for this defendant, that none of the factors set forth in La. C. Cr. P. art. 894.1 were ever mentioned, and that the judge did not have the benefit of a PSI. Thus, the defendant further argues that the sentence should be vacated and the case remanded for resentencing in a manner consistent with Article 894.1.
The state notes that the maximum sentence for possession of marijuana, third offense, is 20 years, with or without hard labor, so that as a third felony offender, the defendant's sentencing range was from two-thirds to double the 20 years. Thus, the 14-year sentence imposed was only a few months over the statutory minimum of 13.3 years.
The state also points out that the rap sheets for appellant, found in the appellate record, reflect a life devoted to crime, including numerous arrests for drug offenses, thievery, and violence.
Our law on review sentences for excessiveness is well settled.[2]
The actual sentence imposed here is only a few months more than the mandatory *693 minimum. Accordingly, the trial court's failure to thoroughly review the factors under Article 894.1 is less of a problem. In addition, the trial court was aware of the defendant's criminal history because at the hearing on the post-judgment motions, the court stated:
I'm going to deny all these motions, but I will say that on the motion to reconsider Mr. Brooks essentially got the minimum, he got a few months longer than the minimum sentence. While that sentence seems quite large to me for what he's convicted of, I think it's a shame that something a great deal less could not have been negotiated. I think it's a tragedy for the State of Louisiana to incarcerate somebody who is fifty years old for fourteen years for possession of marijuana, even though he has, in the vernacular, been a turkey most of his adult life.
The defendant's nine-page rap sheet shows that this defendant had been in *694 trouble with the law most of his adult life. A sentence only a few months over the minimum is not an abuse of discretion, even considering the paucity of Article 894.1 compliance in this record.
Defendant has in no way shown himself to be that exceptional defendant who deserves a lighter sentence than required by the legislature. While the gravity of having a single marijuana cigar in itself is not great, it is the combination of this defendant being a third felony offender, of one of those felonies being third offense possession of marijuana, and of this defendant having an extensive criminal history, that cumulatively provides the proper culpability and gravity by which to discern that the sentence imposed does not shock the sense of justice.

DECREE
AFFIRMED.
NOTES
[1] For another analogous case, see State v. Reynolds, XXXX-XXXX (La.11/21/07), 968 So.2d 722.
[2] The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Lathan, 41,855 (La.App. 2d Cir.2/28/07), 953 So.2d 890, writ denied, XXXX-XXXX (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App. 2d Cir. 1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App. 2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2d Cir. 12/13/06), 945 So.2d 277, writ denied, XXXX-XXXX (La.9/28/07), 964 So.2d 351; State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.

Second, a sentence violates La. Const. Art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App. 2d Cir. 1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La. App. 2d Cir.4/2/97), 691 So.2d 864.
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions but may properly review all prior criminal activity. State v. Russell, 40,526 (La.App. 2d Cir. 1/27/05), 920 So.2d 866, writ denied, XXXX-XXXX (La.9/29/06), 937 So.2d 851; State v. Jackson, 612 So.2d 993 (La.App. 2d Cir. 1993). The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered even in the absence of proof the defendant committed the other offenses. State v. Estes, 42,093 (La.App. 2d Cir.5/9/07), 956 So.2d 779, writ denied, XXXX-XXXX (La.4/4/08), 978 So.2d 324.
Where there is a mandatory sentence, there is no need for the trial court to justify, under Article 894.1, a sentence it is legally required to impose. State v. Burd, 40,480 (La.App. 2d Cir. 1/27/06), 921 So.2d 219, writ denied, XXXX-XXXX (La.11/9/06), 941 So.2d 35; State v. Koon, 31,177 (La.App. 2d Cir.2/24/99), 730 So.2d 503.
Since the habitual offender law is constitutional in its entirety, the minimum sentences it imposes upon recidivists are also presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Gay, 34,371 (La.App. 2d Cir.4/4/01), 784 So.2d 714.
This court has held that the burden was on the defendant to rebut the presumption that a mandatory minimum sentence is constitutional. To do so the defendant must "clearly and convincingly show that he is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." Johnson, supra, 709 So.2d at 676; State v. Henry, 42,416 (La.App. 2d Cir.9/19/07), 966 So.2d 692, writ denied, 2007-2227 (La.8/29/08), 989 So.2d 95; State v. Wade, 36,295 (La.App. 2d Cir. 10/23/02), 832 So.2d 977, writ denied, 2002-2875 (La.4/4/03), 840 So.2d 1213.