MOORE, J.
 

 11 Marcus Lamont Dotie appeals his conviction for possession of a firearm by a convicted felon, his adjudication as a second felony offender and his sentence of 20 years at hard labor without benefits. For the reasons expressed, we affirm the conviction and multiple offender adjudication. On error patent review, we correct the sentence to delete the imposition of a fine, but otherwise affirm the sentence.
 

 Factual Background
 

 Around 2:00 am on June 7, 2007, Shreveport Police K-9 Officer Clint Cain was investigating an incident in the Allendale neighborhood when he saw an older model gold-colored Mitsubishi Galant make a left turn without a signal. He stopped the Galant in the 1800 block of Patzman Street and asked Dotie, its driver and sole occupant, to get out. Dotie had no driver’s license, only a state-issued ID card, he smelled of alcohol and burnt marijuana, had a teardrop tattoo under his right eye and “proned out” before even being asked; all of this led Ofcr. Cain to call for backup. K-9 Officer Hai Phan arrived at 2:12 with his Belgian Malinois “Jack,” who immediately gave indications of drugs in the front seat area of the Galant. Opening the front seat console, Ofcr. Cain found remnants of marijuana and a fully-loaded Haskell .45-caliber semiautomatic handgun. He also recovered a baseball bat and a club in the trunk.
 

 Running the standard checks, Ofcr. Cain found that the .45 was not stolen but that Dotie had prior felony convictions for attempted murder and accessory after the fact to second degree murder. Ofcr. Cain arrested him for being a convicted felon in possession of a firearm. Further investigation 1 ¡.showed that the Galant was registered to a Ms. Randall, the mother of Dotie’s child.
 

 Procedural History and Trial Testimony
 

 The state subsequently charged Dotie by bill of information with being a convicted felon in possession of a firearm, La. R.S. 14:95.1. The original bill recited that Dotie had been previously convicted of accessory to second degree murder on June 8, 2004. In the course of pretrial discovery, the state furnished Dotie a copy of his rap sheet showing yet another prior felony conviction, a guilty plea to attempted second degree murder on August 12,1994, for which he drew a six-year sentence.
 

 At trial in December 2007, after the jury was selected and sworn but before opening statements, the state offered an amended bill of information reciting that Dotie’s predicate felony was the 1994 attempted second degree murder conviction. Over a defense objection, the court allowed the amended bill on grounds that Dotie had notice of the prior felony by pretrial discovery and the amendment caused him no prejudice. The court also noted that Dotie
 
 *836
 
 had declined an offer to plead guilty to
 
 attempted,
 
 possession of a firearm by a convicted felon with an agreed cap of six years and no multiple offender bill.
 

 For the state, Officers Cain and Phan testified as outlined above. In addition, Ofcr. Cain’s police car was equipped with an automatic digital camera that recorded the search of the Galant. The DVD, which was played for the jury, showed that Dotie ultimately consented to the search and that Ofcr. Cain recovered the revolver from the front seat console shortly after | she actually entered the car. Ofcr. Cain testified that although the lid of the console was down, the gun was positioned with the handle up for quick access. Both officers added that during questioning, Do-tie’s demeanor was evasive and he appeared to be looking for a way to run. Ofcr. Danny Duddy of the CSI unit testified that he was unable to lift any fingerprints off the revolver, but this was typical of handguns.
 

 For the defense, Dotie’s mother Vergie Stewart testified that she was aware that Dotie was not allowed to possess a gun. She admitted owning two handguns, a 9-mm and the .45-caliber, and she had placed the .45 in the Galant when she borrowed the car to move some belongings from her deceased boyfriend’s house; she brought the .45 because the boyfriend’s children had threatened her; she inadvertently left the gun in the console when she returned the car; and she never thought about it again until Dotie called to tell her he had been arrested. On cross-examination, she stated that the Galant was the car Dotie drove most often, about 90% of the time, and that the gun was in the car even when she was driving her grandchild in a baby seat. Dotie’s cousin Sholanda Dotie testified that she was with Ms. Stewart when she placed the .45 in the center console; this was earlier in the day before Dotie was arrested.
 

 After deliberating slightly over an hour, the jury found Dotie guilty as charged by a vote of 12-0. Dotie filed motions for new trial and post verdict judgment of acquittal.
 

 The state then filed a second felony habitual offender bill of information, reciting that his first felony was the 2004 guilty plea to |4accessory after the fact to second degree murder. At a hearing in January 2008, the court denied Dotie’s post trial motions and found him to be a second felony offender. At sentencing in February 2008, the court noted Dotie’s age, the refused plea bargain, the marijuana found in the car along with the .45 revolver, and the fact that his rap sheet showed yet another prior felony conviction. The court sentenced him to 20 years at hard labor and a fine of $1,000. Dotie filed a timely motion to reconsider, asserting only that the sentence was excessive and unconstitutional. The court denied it, and this appeal followed.
 

 Discussion: Sufficiency of the Evidence
 

 By his first assignment of error, Dotie urges the evidence was insufficient to convict him of either the charged offense or any responsive verdict. He argues that mere presence in an area where a firearm is found does not necessarily establish possession.
 
 State v. Lamothe,
 
 97-1113 (La.App. 5 Cir. 6/30/98), 715 So.2d 708,
 
 writ granted in part,
 
 98-2056 (La.11/25/98), 722 So.2d 987. He submits he was not in constructive possession of the .45 becausei (1) Ofcr. Cain never saw him with his arm on the center console, (2) the car belonged not to him, but to his child’s mother, (3) Ofcr. Phan stated that his suspicious conduct during the stop could have resulted from a lack of knowledge that any contraband was in the car, (4) Dotie’s mother testified that she put
 
 *837
 
 the gun in the ear, and (5) his fingerprints were not found on the weapon.
 

 The state responds that the evidence easily proved Dotie’s dominion and control over the .45.
 
 State v. Brokenberry,
 
 41,481 (La.App. 2 Cir. 11/3/06), 942 So.2d 1209, and citations therein. The state also asserts that Dotie’s mother was not a credible witness.
 

 The standard of appellate review is “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.”
 
 Jackson v. Virginia,
 
 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979);
 
 State v. Tate,
 
 2001-1658 (La.5/20/03), 851 So.2d 921,
 
 cert. denied,
 
 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004). This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder.
 
 State v. Pigford,
 
 2005-0477 (La.2/22/06), 922 So.2d 517. The trier of fact is charged to make a credibility evaluation and may, within the bounds of rationality, accept or reject the testimony of any witness; the reviewing court may impinge on that discretion only to the extent necessary to guarantee the fundamental due process of law.
 
 State v. Sosa,
 
 2005-0213 (La.1/19/06), 921 So.2d 94.
 

 To support a conviction under R.S. 14:95.1 A, the state must prove (1) the possession of a firearm, (2) a previous conviction of an enumerated felony, (3) absence of the 10-year statutory cleansing period, and (4) general intent to commit the crime.
 
 State v. Husband,
 
 437 So.2d 269 (La.1983);
 
 State v. Ray,
 
 42,096 (La. App. 2 Cir. 6/27/07), 961 So.2d 607. In closing argument, defense counsel conceded that Dotie was a convicted felon. Thus the state sought to show that he had the requisite intent to possess a firearm either through actual or constructive possession.
 
 State v. Johnson,
 
 2003-|12286 (La.4/14/04), 870 So.2d 995.
 

 Constructive possession of a firearm occurs when the firearm is subject to the defendant’s dominion and control.
 
 State v. Johnson, supra; State v. Kennedy,
 
 42,258 (La.App. 2 Cir. 8/15/07), 963 So.2d 521. A defendant’s dominion and control constitute constructive possession even if only temporary and even if control is shared; moreover, constructive possession entails an element of awareness or knowledge that the firearm is there and general intent to possess.
 
 Id.
 
 The mere presence of a defendant in the area where the weapon was seized does not alone prove that he exercised dominion and control over it and thus had it in his constructive possession.
 
 State v. Johnson, supra; State v. Brokenberry, supra.
 

 Admittedly, some of the evidence would support Dotie’s hypothesis of innocence: the car did not belong to him; Ofcr. Cain never saw him put his hand on the gun or on the closed console; his fingerprints were not on the weapon; his nervousness at the scene could be ascribed to factors other than guilty knowledge; and Ms. Stewart testified that she had put the gun in the car less than 24 hours earlier.
 

 By contrast, Ofcr. Cain verified that the Galant belonged to Dotie’s baby’s mama, and the defense witnesses agreed that Do-tie drove it 90% of the time, so a rational juror could find that he exercised full dominion and control over the car. A rational juror could also conclude that the large Haskell .45 semiautomatic revolver, even enclosed in the console, was within the driver’s easy reach in the compact 1988 Galant. Officer Duddy testified that it was normal for a revolver to yield no usable fingerprints, an | explanation that the jury
 
 *838
 
 could rationally accept.
 
 State v. Kennedy, supra.
 
 To interpret Dotie’s conduct during the stop, the jury had not only the officers’ testimony but the DVD of the encounter; we cannot disturb the rational conclusion that Dotie acted nervous and evasive because he knew he had a gun in the car. In short, significant, credible evidence refutes each element of Dotie’s hypothesis of innocence.
 

 Finally, Ms. Stewart’s testimony presents difficulties even on the impassive record. She testified that she was weak from a struggle with cancer, and yet she chose the larger and heavier of her two guns to carry as protection from her late boyfriend’s family; she admitted carrying the gun in the car with her grandchildren present, contrary to maternal instincts; and then she forgot about it until Dotie called her from the police station. At sentencing, the district court called Ms. Stewart’s account “absolutely incredible.” On this record, we will not disturb the jury’s decision to reject her testimony.
 
 State v. Sosa, supra.
 

 This assignment of error lacks merit.
 

 Amended Bill of Information
 

 By his second assignment of error, Dotie urges the district court erred in allowing the state to file an amended bill of information after trial had begun and denying his motion for mistrial due to the resulting prejudice. Dotie contends that changing the predicate offense on the second day of trial was not a “formal defect, imperfection, omission, or uncertainty” which may be corrected after trial begins under La. C. Cr. P. art. 487 A, but a defect of substance mandating a mistrial.
 
 Id.
 
 He argues that the amendment | ^prejudiced him by allowing the state to place before the jury a felony conviction for which evidence was not otherwise allowed. By reply brief, Dotie adds that the original predicate offense, accessory to second degree murder, is not an enumerated felony under R.S. 14:95.1 A and thus would not have supported a conviction under that statute.
 

 The state responds that Dotie received adequate notice of the charge against him, failed to show any actual prejudice, and may not raise for the first time on appeal an issue not presented to the district court.
 

 In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. La. Const. Art. 1, § 13;
 
 State v. Johnson,
 
 93-0394 (La.6/3/94), 637 So.2d 1033. The bill must inform the accused of the nature and cause of the accusation in sufficient detail that he may prepare for trial and that the court may determine the admissibility of evidence.
 
 State v. Johnson, supra.
 
 The amendment of indictments and bills of information is regulated by La. C. Cr. P. art. 487 A:
 

 An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.
 

 Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance.
 

 Once trial has begun, the state may not substantively amend a bill of ^information to charge a new offense.
 
 *839
 

 State v. Johnson, supra; State v. Gilbert,
 
 99-315 (La.App. 5 Cir. 4/25/00), 760 So.2d 536;
 
 State v. Offord,
 
 95-290 (La.App. 3 Cir. 10/4/95), 663 So.2d 296,
 
 writ denied,
 
 98-1991 (La.12/11/98), 729 So.2d 594. So long as the amendment merely clarifies the crime charged and does not add a new crime, the amendment is proper.
 
 State v. Roberts,
 
 319 So.2d 317 (La.1975),
 
 rev’d on other grounds,
 
 428 U.S. 1082, 96 S.Ct. 1091, 47 L.Ed.2d 94 (1976);
 
 State v. Delandro,
 
 2001-2514 (La.App. 1 Cir. 5/10/02), 818 So.2d 1011.
 

 Because both the original and amended bills charged Dotie with possession of a firearm by a convicted felon, the amendment did not “charge a new offense” or “add a new crime” and thus did not presumptively require a mistrial under art. 487 A.
 
 State v. Johnson, supra; State v. Offord, supra.
 
 Moreover, both prior felonies had been disclosed to Dotie in discovery, so there is no genuine claim that he was surprised or unable to defend against either predicate offense. We recognize a potential for prejudice when the jury hears reference to
 
 two different
 
 prior felonies, but the district court minimized this by instructing the jury to disregard the charges they heard in voir dire and that the amended bill was filed to correct a typographical error in the original. We also recognize that the original bill recited a predicate offense that is not enumerated under R.S. 14:95.1 A: if the state had proved the 2004 conviction for accessory to murder, this apparently would not support the instant conviction. However, prior to the amendment, Dotie never moved to quash the bill that he now labels “fatally defective,” but apparently would have “sat on” this error, gambled on the verdict, and then | ^resorted to an appeal to correct it, a result that is not permitted.
 
 State v. Ruiz,
 
 2006-1755 (La.4/11/07), 955 So.2d 81. Under the circumstances, the district court did not err in finding the amendment caused no prejudice to Dotie. This assignment lacks merit.
 

 Habitual Offender Adjudication
 

 By his third assignment of error, Dotie urges the court erred in adjudicating him a habitual offender as this offense was committed before the Louisiana Supreme Court’s opinion in
 
 State v. Baker,
 
 2006-2175 (La.1/7/08), 970 So.2d 948. Prior to
 
 Baker,
 
 the jurisprudence had held that a sentence under R.S. 14:95.1 was already enhanced and could not be further enhanced under the multiple offender statute, R.S. 15:529.1.
 
 State v. Sanders,
 
 337 So.2d 1131 (La.1976);
 
 State v. Firmin,
 
 354 So.2d 1355 (La.1978). Dotie also argues that retroactively applying
 
 Baker
 
 violates the due process clause of the 14th amendment because there was no fair notice or warning that his sentence under R.S. 14:95.1 could be enhanced under R.S. 15:529.1.
 

 The state responds that the supreme court explicitly made its holding in
 
 Baker
 
 “retroactively applicable to Baker, the defendant, and to any other criminal defendant whose conviction is not yet final or pending on direct appeal.”
 
 Id.
 
 at 16, 970 So.2d at 958.
 

 Dotie’s argument mirrors the position of Chief Justice Calogero’s two dissents in
 
 State v. Baker, supra,
 
 but the dissenter’s adherence to the “seminal” case of
 
 State v. Sanders
 
 and accusation of “indefensible” change did not represent the opinion of the court. Moreover, this court addressed |nand rejected essentially the same argument in
 
 State v. Brooks,
 
 43,613 (La.App. 2 Cir. 10/29/08), 997 So.2d 688. We decline Dotie’s invitation to depart from the recent and apposite holding of
 
 Baker.
 
 This assignment of error lacks merit.
 

 Excessive Sentence
 

 By his fourth assignment of error, Dotie urges that his 20-year hard labor
 
 *840
 
 sentence without benefits is excessive and serves no useful purpose. He concedes that he has a criminal history, 20 years is only a midrange sentence, and he was imprudent to reject the plea bargain that would have capped his exposure at six years. He contends, however, that he already served time for his prior offenses, and the instant offense was not really serious, arising from a minor traffic stop in which the weapon was not used.
 

 The state responds that the sentence was not an abuse of the district court’s wide discretion.
 

 Because Dotie’s motion to reconsider urged merely that the sentence was excessive, he is now “simply relegated to having the appellate court consider the bare claim of excessiveness.”
 
 State v. Mims,
 
 619 So.2d 1059 (La.1993);
 
 State v. Lofton,
 
 41,-423 (La.App. 2 Cir. 9/27/06), 940 So.2d 702,
 
 writ denied,
 
 2006-2952 (La.9/28/07), 964 So.2d 359. A punishment is constitutionally excessive under La. Const. Art. 1, § 20, if it makes no measurable contribution to acceptable penal goals, is nothing more than a purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Robinson,
 
 40,983 (La.App. 2 Cir. 112l/24/07), 948 So.2d 379.
 

 The sentencing range for illegal possession of a firearm by a convicted felon is 10 to 15 years at hard labor without benefit of parole, probation or suspension of sentence and a fine of $1,000 to $5,000. La. R.S. 14:95.1 B. The range for this crime when the defendant is adjudicated a second felony offender is 7½ to 30 years at hard labor without benefits. La. R.S. 15:529.1 A(1)(a).
 

 We perceive no abuse of the district court’s discretion. The 31-year-old Do-tie’s criminal record shows frequent involvement with violent crime, and no reason for the district court to doubt that the instant event was part of another criminal scheme. His rap sheet also showed two convictions for felony grade battery of a police officer. Finally, the court was unfavorably impressed with Dotie’s letter to the court, attempting to blame other people for his lifetime of misconduct. On this record, the sentence of 20 years at hard labor without benefits is not out of proportion to the offense and offender, and it does not shock our sense of justice. This assignment of error lacks merit.
 

 Conclusion
 

 On error patent review, we notice that in addition to the 20 years at hard labor, the district court imposed a fine of $1,000. Although the statute of conviction, R.S. 14:95.1 B, mandates a fine of $1,000 to $5,000, the statute of enhancement, R.S. 15:529.1 A, does not authorize the imposition of a fine.
 
 State v. Dickerson,
 
 584 So.2d 1140 (La.1991);
 
 State v. Jetton,
 
 32,-893 (La.App. 2 Cir. 4/5/00), 756 So.2d 1206,
 
 writ denied,
 
 2000-1568 (La.3/16/01), 787 So.2d 299. We therefore correct the sentence to delete the fine, but otherwise affirm. On further review we find nothing else we deem to be error patent. La. C. Cr. P. art. 920(2).
 

 For the reasons expressed, Marcus Lamont Dotie’s conviction and adjudication as a second felony offender are affirmed; his sentence is corrected to delete the fine but is otherwise affirmed.
 

 CONVICTION AND ADJUDICATION AFFIRMED; SENTENCE CORRECTED TO DELETE FINE.